UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ECF Case
---------------------------------------x
ADRIAN HUFF, as Chairman of the Board of Trustees of
TEAMSTERS LOCAL 445 CONSTRUCTION DIVISION
WELFARE, PENSION and ANNUITY FUNDS and
TEAMSTERS LOCAL 445 EDUCATION and TRAINING
FUND,
                                    Civil Action No.

                    Plaintiff,

      - against -                          COMPLAINT

REALIFE LAND IMPROVEMENT, INC.,           08 CIV. 1907 BRIEANT

                    Defendant.
---------------------------------------x

PLAINTIFF, ADRIAN HUFF, as Chairman of the Board of Trustees of TEAMSTERS LOCAL 445 CONSTRUCTION DIVISION WELFARE, PENSION AND ANNUITY FUNDS and TEAMSTERS LOCAL 445 EDUCATION AND TRAINING FUND (collectively referred to as the Funds), by his attorneys, SAPIR & FRUMKIN LLP, as and for his Complaint, alleges as follows:

### NATURE OF THE CASE

1.  This is an action brought by the Funds to collect delinquent contributions and late charges owed as a result of a breach of a collective bargaining agreement to § 301 of the Labor Management Relations Act of 1947, as amended (LMRA), 29 U.S.C. § 185. The Funds also sue pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1001, *et seq*.

### JURISDICTION

2.  This Court has subject matter jurisdiction of the claims brought by the Funds pursuant to §§ 502(e)(1) and (f), and 515 of ERISA, as amended, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145,

and § 301(c) of LMRA, 29 U.S.C. § 185(c).

## VENUE

3.      The Southern District of New York is the proper venue for the Funds' claims pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Funds are administered in Newburgh, New York within this District and for all claims pursuant to § 301 of the LMRA, 29 U.S.C. § 185, in that the work performed pursuant to the collective bargaining agreement occurred within this District.

## THE PARTIES

4.      The Welfare Fund is an "employee welfare benefit plan" and a "multi-employer plan" within the meaning of §§ 3(1) and (37)(A) of ERISA, 29 U.S.C. §§ 1002(1) and (37)(A), and is a jointly administered labor-management trust fund established under § 302 of the LMRA, 29 U.S.C. § 186.

5.      The Welfare Fund is a multi-employer employee benefit fund which has standing to sue pursuant to ERISA, 29 U.S.C. § 1132(d)(1).

6.      The Pension Fund is an "employee pension benefit plan" and a "multi-employer plan" within the meaning of §§ 3(2)(A) and (37)(A) of ERISA, 29 U.S.C. §§ 1002(2)(A) and (37)(A), and is a jointly administered labor-management trust fund established under § 302 of the LMRA, 29 U.S.C. § 186.

7.      The Pension Fund is a multi-employer employee benefit fund which has standing to sue pursuant to ERISA, 29 U.S.C. § 1132(d)(1).

8.      The Annuity Fund is an "employee pension benefit plan" and a "multi-employer plan" within the meaning of §§ 3(2) and (37)(A) of ERISA, 29 U.S.C. §§ 1002(2) and (37)(A), and is a jointly administered labor-management trust fund established under § 302 of the LMRA, 29 U.S.C.

§ 186.

9. The Annuity Fund is a multi-employer employee benefit fund which has standing to sue pursuant to ERISA, 29 U.S.C. § 1132(d)(1).

10. The Education and Training Fund is an "employee welfare benefit plan" and a "multi-employer plan" within the meaning of §§ 3(2) and (37) of ERISA, 29 U.S.C. §§ 1002(2) and (37), and is a jointly administered labor-management trust fund established under § 302 of the LMRA, 29 U.S.C. § 186.

11. The Education and Training Fund is a multi-employer employee benefit fund which has standing to sue pursuant to ERISA, 29 U.S.C. § 1132(d)(1).

12. The Funds are third-party beneficiaries under a collective bargaining agreement pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

13. The Funds have been established by their respective Declarations of Trust (Trust Agreements) and pursuant to collective bargaining agreements, entered into between Local Union No. 445, International Brotherhood of Teamsters of annexed AFL-CIO (the Union) and certain employers and employer associations whose employees are or were covered by one or more collective bargaining agreements.

14. Plaintiff Adrian Huff is Chairman of the Funds. The Funds are administered at their offices in Newburgh, Orange County, New York.

15. The Funds are maintained and administered in accordance with and pursuant to ERISA, 29 U.S.C. §§ 1001, *et seq.*, the Trust Agreements, which established the Funds, and also pursuant to the terms and provisions of the collective bargaining agreements.

16. Upon information and belief, and at all times material hereto, defendant Realife Land Improvement, Inc. (Realife Improvement) was and is an "employer" within the meaning of § 501(3) of the LMRA, 29 U.S.C. § 142(3), § 2(2) of the National Labor Relations Act, as amended, 29 U.S.C. § 152(2), and §3(5) of ERISA, 29 U.S.C. § 1002(5).

17. Upon information and belief, and at all times material hereto, Realife was and is a for-profit corporation having its principal place of business at 84 Commerce Drive, Patterson, New York 12563, and is authorized to do business in New York.

## STATEMENT OF FACTS

18. At all times material, up to this time, Realife Improvement entered into a collective bargaining agreement (Labor Agreement) with the Union. The Labor Agreement and Trust Agreements provided, *inter alia*, that Realife Improvement would make timely payment of contributions to the Funds on behalf of employees of Realife Improvement within the bargaining unit represented by the Union.

19. Pursuant to the Labor Agreement and Trust Agreements, the Funds are empowered to conduct an audit of Realife Improvement's books and records to determine whether Realife Improvement is in compliance with its obligation to contribute to the Funds.

20. Despite the passage of dates on which Realife Improvement was required to pay contributions, and despite the Welfare Fund's demand, Realife Improvement has failed, neglected, or refused to pay to the Welfare Fund contributions due in the amount of $4,671.95 for the periods from June 2007 through September 2007.

21. Despite the passage of dates on which Realife Improvement was required to pay contributions, and despite the Pension Fund's demand, Realife Improvement has failed, neglected, or refused to pay to the Pension Fund contributions due in the amount of $7,801.27 for the periods

from June 2007 through September 2007.

22. Despite the passage of dates on which Realife Improvement was required to pay contributions, and despite the Annuity Fund's demand, Realife Improvement has failed, neglected, or refused to pay to the Annuity Fund contributions due in the amount of $4,407.50 for the periods from June 2007 through September 2007.

23. Despite the passage of dates on which Realife Improvement was required to pay contributions, and despite the Education and Training Fund's demand, Realife Improvement has failed, neglected, or refused to pay to the Education and Training Fund contributions due in the amount of $265.45 for the periods from June 2007 through September 2007.

24. As a result of Realife Improvement's failure to make timely payment of contributions for the periods from June 2007 through September 2007, Realife Improvement was responsible for a ten percent late charge on the balance of unpaid, delinquent Welfare, Pension, Annuity and Education and Training Fund contributions in the amount of $1,714.53.

25. On or about December 21, 2007, the Funds notified Realife Improvement that it owed delinquent Welfare, Pension, Annuity, and Education and Training Funds employee fringe benefit contributions for the periods from June 2007 through September 2007 in the total amount of $17,145.17; late charges for the periods from June 2007 through September 2007 in the total amount of $1,714.53. The Funds sought a total amount of $18,859.70 from Realife Improvement for the above referenced delinquent contributions and late charges.

26. Realife Improvement failed, neglected, or refused to respond to the Funds' demand for a total amount of $18,859.70 from Realife Improvement for the above referenced delinquent contributions and late charges.

## AS AND FOR A FIRST CLAIM FOR RELIEF

*Delinquent Contributions Under ERISA § 515*

27.     The Funds reallege each and every allegation contained in paragraphs "1" through "26" of this Complaint, as if fully set forth herein.

28.     Section 515 of ERISA, 29 U.S.C. § 1145, and the Trust Agreement require Realife Improvement to pay fringe benefit contributions to the Funds in accordance with the terms and conditions of the Labor Agreement between the Union and Realife Improvement and Trust Agreements.

29.     Although duly demanded, Realife Improvement has failed, neglected, or refused to make required Welfare, Pension, Annuity, and Education and Training Fund contribution payments for the periods from June 2007 through September 2007.

30.     As a result of the foregoing, the Funds have sustained damages in the amount of at least $17,145.17 as of the date of this Complaint, plus such additional amounts for unpaid, delinquent Welfare, Pension, Annuity, and Education and Training contributions as have and may come due in accordance with Realife Improvement's obligations under the Labor Agreements and Trust Agreements, and incurred attorney's fees and costs in this action.

31.     Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Labor Agreement, and the Trust Agreement, the Funds are entitled to –

        A.     the unpaid contributions in the sum of at least $17,145.17;

        B.     interest on the unpaid contributions;

        C.     an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in

    excess of 20 percent of the unpaid contributions;

D. reasonable attorney's fees and costs of the action, to be paid by the Defendant; and

E. such other legal or equitable relief as the court deems appropriate.

### AS AND FOR A SECOND CLAIM OF RELIEF

*Delinquent Contributions Under LMRA § 301*

32. The Funds reallege each and every allegation contained in paragraphs "1" through "26" of this Complaint, as if fully set forth herein.

33. Realife Improvement's refusal and failure to make timely contributions to the Funds under the Trust Agreement is a violation of § 301 of LMRA, 29 U.S.C. § 185.

34. As a result of the foregoing, the Funds have sustained damages in the amount of at least $17,145.17 as of the date of this Complaint, plus such additional amounts for unpaid contributions as have and may come due in accordance with Realife Improvement's obligations under the Labor Agreements and Trust Agreements, and the reasonable attorney's fees, costs, and disbursements of this action.

### AS AND FOR A THIRD CLAIM OF RELIEF

*Late Charges Under LMRA § 301*

35. The Funds reallege each and every allegation contained in paragraphs "1" through "26" of this Complaint, as if fully set forth herein.

36. Pursuant to the Labor Agreement and Trust Agreement, Realife Improvement is required to pay Welfare and Pension Fund contributions to the Funds at the end of each month, a fact of which Realife Improvement was and is aware.

37. Pursuant to the Labor Agreement, Realife Improvement is required to pay Annuity Fund contributions to the Funds at the end of each work week, a fact of which Realife Improvement was and is aware.

38. Pursuant to the Labor Agreement, Realife Improvement is required to pay Education and Training Fund contributions to the Funds at the end of each work week for which the contributions are earned, a fact of which Realife Improvement was and is aware.

39. Despite the passage of dates on which Realife Improvement was required to pay Welfare, Pension, Annuity and Education and Training Fund contributions, and despite the Funds' demands therefore, Realife Improvement failed to make timely contributions to the Funds for the periods from June 2007 through September 2007 in violation of § 301 of the LMRA, 29 U.S.C. § 185.

40. As a result of the foregoing, the Funds have suffered damages of total late charges in the amount of at least $1,714.53 for the period from June 2007 through September 2007.

**WHEREFORE**, Plaintiff Adrian Huff, as Chairman of the Board of Trustees of Teamsters Local 445 Construction Division Welfare, Pension, and Annuity Funds and Teamsters Local 445 Education and Training Fund, requests the following relief:

## ON THE FIRST CLAIM

*Delinquent Contributions Under ERISA § 515*

A. An order requiring Realife Improvement to permit and cooperate in the conduct of a complete audit of its books and records for the period from May 2005 to the present;

B. A judgment against Defendant in favor of the Funds in the amount of at least $17,145.17 for all contributions due and unpaid to the Funds for the period from June 2007 through

September 2007 plus such additional amounts for unpaid contributions and late charges as have and may come due in accordance with Realife Improvement's obligations under the Labor Agreement and any subsequent Labor Agreements and Trust Agreements;

C.  Damages for unpaid contributions as have and may hereafter come due in accordance with Realife Improvement's obligations under the Labor Agreement and any subsequent Labor Agreements and Trust Agreements, together with interest thereon from the date such contributions are due;

D.  Interest at the rate of ten percent per annum on all amount for contributions due and unpaid or liquidated damages equal to twenty percent of all amounts due and unpaid, whichever is greater, all as provided in 29 U.S.C. § 1132(g)(2) and the Labor Agreement;

E.  That this Court retain jurisdiction over this action to supervise enforcement of any money judgment resulting from the complete audit ordered and any further supplemental proceedings against Defendant;

F.  That the Funds be awarded attorneys' fees and costs incurred in this matter;

G.  That the Funds be awarded such other legal or equitable relief as the court deems appropriate.

## ON THE SECOND CLAIM

*Delinquent Contributions Under LMRA § 301*

H.  An order requiring the Realife Improvement to permit and cooperate in the conduct of a complete audit of its books and records for the period from November 2001 to the present;

I.  A judgment against Defendant in favor of the Funds in the amount of at least $17,145.17 for all contributions due and unpaid to the Funds for the period June 2007 through

September 2007, plus such additional amounts for unpaid contributions as have and may come due in accordance with Realife Improvement's obligations under the Labor Agreement and any subsequent Labor Agreements and Trust Agreements;

J.  That the Funds be awarded attorneys' fees and costs incurred in this matter;

### ON THE THIRD CLAIM

*Late Charges Under LMRA §301*

K.  That the Funds be awarded late charges due and unpaid to the Funds in the amount of at least $1,714.53 for the period June 2007 through September 2007.

L.  That Funds be awarded attorneys' fees and costs incurred in this matter;

### ON ALL CLAIMS

M.  Damages for unpaid contributions and late charges as may hereafter come due during pendency of this action, together with interest thereon from the date due;

N.  An order requiring Defendant to make all fringe benefit contribution payments and to supply all required information to the Funds in accordance with Realife Improvement's obligations under the Labor Agreement and any subsequent Labor Agreement and the Trust Agreements; and

O.      That this Court grant the Funds such other and further relief as it may deem just and proper.

Dated: White Plains, New York
       February 25, 2008

Respectfully submitted,

**SAPIR & FRUMKIN LLP**

By: _____
William D. Frumkin (WF2173)
William F. Cusack III (WC2497)
Attorneys for Plaintiff
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366
wfrumkin@sapirfrumkin.com
wcusack@sapirfrumkin.com

F:\APPLICAT\WP\TEAMSTER\Realife Land Improvement\Litigation\Complaint.wpd\dp